**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4384**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ROBBIE GLENN REVELS,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  James C. Dever III, Chief District Judge.  (7:15-cr-00096-D-1)

Submitted:  March 29, 2018                          Decided:  April 24, 2018

Before AGEE and FLOYD, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed in part and dismissed in part by unpublished per curiam opinion.

Mark A. Jones, BELL, DAVIS & PITT, PA, Winston-Salem, North Carolina, for Appellant.  Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, First Assistant United States Attorney, Kristine L. Fritz, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Robbie Glenn Revels appeals his conviction and 54-month sentence following his guilty plea to making false claims for refunds, in violation of 18 U.S.C. § 287 (2012), and aggravated identity theft, in violation of 18 U.S.C. § 1028A (2012). Revels' attorney filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), concluding that there were no meritorious grounds for appeal but questioning whether Revels' plea was knowing and voluntary. Revels filed a pro se brief in which he argued that counsel provided ineffective assistance, that he is actually innocent of aggravated identity theft, and that the actual loss and restitution amounts were wrongly calculated. Subsequently, we ordered the parties to file supplemental briefs addressing whether the district court committed plain error in failing to consider Revels' financial resources and assets pursuant to 18 U.S.C. § 3664(f)(2) (2012), before ordering Revels' restitution to be paid in installments of $200 per month following his release from incarceration. Upon review, we affirm in part and dismiss in part.

Because Revels did not move in the district court to withdraw his guilty plea, we review his plea hearing for plain error. *United States v. Sanya*, 774 F.3d 812, 815-16 (4th Cir. 2014) (providing standard). Our review of the record reveals that the district court fully complied with Rule 11 of the Federal Rules of Criminal Procedure in accepting Revels' guilty plea and that Revels entered the plea knowingly and voluntarily. We have considered Revels' claims that he is actually innocent and that the actual loss and restitution amounts were wrongly calculated and conclude that those claims lack merit.

2

Revels' claim of ineffective assistance of counsel is only cognizable on direct appeal if it conclusively appears on the record that counsel was ineffective. *United States v. Faulls*, 821 F.3d 502, 507-08 (4th Cir. 2016). Absent such a showing, ineffective assistance claims should be raised in a motion brought pursuant to 28 U.S.C. § 2255 (2012), in order to permit sufficient development of the record. *United States v. Baptiste*, 596 F.3d 214, 216 n.1 (4th Cir. 2010). Because the record here does not conclusively establish ineffective assistance of counsel, this claim should be raised, if at all, in a § 2255 motion.

In its supplemental briefing on the restitution payment schedule, the Government seeks dismissal of Revels' appeal of this issue, arguing that Revels' valid appeal waiver precludes his challenge to the payment schedule. Our review leads us to conclude that Revels knowingly and voluntarily waived his rights to appeal. *See United States v. Copeland*, 707 F.3d 522, 528 (4th Cir. 2013). Turning to the scope of the waiver, *see id.*, in the plea agreement, Revels waived his right to appeal his conviction or sentence, except in the case of ineffective assistance or prosecutorial misconduct. A restitution order is an aspect of a criminal defendant's sentence. *United States v. Cohen*, 459 F.3d 490, 496-97 (4th Cir. 2006). Therefore, a defendant who knowingly and explicitly agrees to a waiver of all rights to appeal his sentence has generally waived the right to appeal restitution. *Id*. However, federal courts have no "inherent authority to order restitution, but must rely on a statutory source." *Id*. at 498. Because a restitution order in excess of that statutorily granted authority "is no less illegal than a sentence of imprisonment that exceeds the statutory maximum, appeals challenging the legality of restitution orders are

similarly outside the scope of a defendant's otherwise valid appeal waiver." *Id.* (internal quotation marks omitted). Here, Revels argues that the district court erred by ordering the restitution payment plan without sufficiently considering his financial resources, assets, and ability to pay pursuant to 18 U.S.C. § 3664(f)(2). At its core, Revels' argument challenges the substance of the restitution order rather than the district court's statutory authority to order restitution. Such an argument falls within the scope of the appeal waiver.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no other meritorious grounds for appeal. We therefore dismiss the portion of the appeal challenging the restitution order based on Revels' valid appellate waiver and affirm the remainder of the district court's judgment. This court requires that counsel inform Revels, in writing, of the right to petition the Supreme Court of the United States for further review. If Revels requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Revels.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART;*
*DISMISSED IN PART*

4